**ROOP et, Plaintiffs, v. BYER, Clerk of Willshire Township, Defendant.**

Common Pleas Court, Van Wert County.

No. 21334. Decided March 17, 1959.

Sumner J. Walters, Pros. Atty., Van Wert County.

## OPINION

By McNEILL, J.

This cause came on for hearing upon the Petition of the Trustees of Willshire Township, Van Wert County, Ohio, and the Answer of Russell R. Byer, Clerk of Willshire Township.

The petition asks a declaratory judgment to determine the rights of Willshire Township to settle a damage claim arising against said Township out of an accident on February 21, 1957, when a township truck being used in the repair and maintenance of Willshire Township roads was involved in a collision with a car driven by one Joseph Daniel Railing, who, as a result of said collision, died. Thereafter a suit in the amount of $201,599.00 was filed against Willshire Township in the U. S. District Court for the Northern District of Ohio. The insurance coverage of said Township was in the amount of $10,000.00, plus coverage for personal property.

Petitioners represent that at a pretrial conference the insurance carrier agreed to pay the full limits of the policy in the amount of $10,000.00, plus $500.00 for personal property, and the Estate of Joseph Daniel Railing agreed to accept this amount, plus an additional $5,000.00 from Willshire Township.

It appears at the present time that Willshire Township has $3380.16

in the Road and Bridge fund of said Township; $692.94 in the Gasoline Tax Fund; and $1260.64 in the General Fund.

These facts are admitted by defendant, but he contests the power of the Board of Trustees to settle said lawsuit and, particularly, if a settlement is made, to make any payment from the funds outlined, he being the party against whom findings would be made if they were improperly paid.

At the outset, there is no question of the powers of the Trustees to settle a lawsuit. §503.01 R. C., referring to Townships, provides: "It may sue or be sued; plead and be interpleaded." The conferring by statute the right of a government to sue or be sued also confers upon such authority the right when one is sued to compromise and settle said claim. In fact, in such cases, it is the duty of the Trustees to use their best judgment and effort to protect the Township in such lawsuit.

Under the facts of the case, it appears that the settlement offered is a fair settlement. However, this is not for this court to decide. This is purely a matter for the Trustees in the exercise of their sound discretion. The only thing necessary for this court to decide is whether the Trustees have such discretion.

The most difficult part of the question is whether or not Willshire Township may use Road and Bridge fund money, or money in the Township Gasoline Tax Fund. Sec. 505.06 R. C., provides: "In payment for a judgment, such judgment and costs shall be paid from the appropriate funds, if any such funds are in the treasury." The authority to pay a judgment carries with it the right to settle a threatened lawsuit and such settlement is controlled by this section. However, it is necessary to determine what such appropriate funds are.

There is no doubt that the General Funds may be used for this purpose. The big question is the effect of the constitutional provision of the Ohio Constitution. Sec. XII 5(a) provides that no funds derived from excise or license fees shall be used except for administering, building and maintaining and repairing Roads and highways, and for other statutory highway purposes, and various sections of the Revised Code keep Road funds separate from General funds. General funds may be transferred to the Road fund, but the contra is most difficult, if not impossible. However, in these circumstances, it appears to the Court that these funds may be used. The purpose of the Constitutional provisions and the statutory provisions relating to the use of Road and Bridge funds is to assure that all money levied for Road and Bridge purposes will be so used and not for other purposes. Contra-wise, it would only seem logical that since such funds are set up for Road and Bridge purposes, any expense caused by the maintenance of the roads should properly be borne from the Road and Bridge Fund. Otherwise, an unjust burden would be put on the General fund.

There is no doubt in this case that the truck was filled with gravel and was engaged in the repairing of roads at the time of the accident. Therefore, it would seem only proper that the Road and Bridge fund and Gasoline Tax fund would be subject to the payment of a judgment or settlement of this claim, as it was the work of repairing the roads that gave rise to the claim.

Therefore, the Court do find that the Trustees of Willshire Township do have the power to make settlement as outlined in said petition, and that they may pay said settlement by first using money in the Road and Bridge fund and the Township Gasoline Tax Fund, because of the nature of the accident, and may pay any remaining amount from the general fund, which is always subject to judgment.

Journal entry may be prepared in accordance herewith.